## CENTRAL GEORGIA POWER COMPANY *v.* HARRIS, trustee.

1. A petition to recover damages caused by a nuisance alleged to have been created by the defendant, which alleges that the plaintiff had lost his part of the crops grown on the land in consequence of the sickness of the croppers brought about by the nuisance, is subject to special demurrer. In such a case, the quantity and character of the crops alleged to have been destroyed should have been set out.
2. On the other questions made by the record this case is controlled by the decisions this day rendered in the cases of *Central Georgia Power Co.* v. *Stubbs, Central Georgia Power Co.* v. *Pope,* and *Central Georgia Power Co.* v. *Fincher,* ante, 172, 186, 191 (80 S. E. 636, 642, 645).

DECEMBER 19, 1913.

Action for damages. Before Judge Roan. Newton superior court. November 30, 1912.

*Hatcher & Smith* and *Greene F. Johnson,* for plaintiff in error. *Rogers & Knox,* contra.

HILL, J. The plaintiff in the court below sued to recover general damages to his land, and special damages in the loss of rents of the land for the years 1911 and 1912, and damages to crops raised by croppers for the year 1911. The cause of the alleged damage was the same as set forth in the case of *Central Georgia Power Company* v. *Stubbs,* this day decided. It was alleged that the backwater in the three rivers which had been dammed up by the defendant company submerged large tracts of lowlands in Newton county, which, prior to the erection of the dam, were covered with trees and other vegetation, and the backing of the water in the rivers and the submerging of the vegetation had caused

malaria and had contaminated and affected the air near the plaintiff's lands with poisonous gases, creating a nuisance, and produced noxious, disagreeable, and poisonous odors, vapors, and gases, causing malaria and marsh gas to permeate and contaminate the atmosphere and air upon the plaintiff's land, and causing sickness among the tenants and croppers and servants living on his land to such an extent that it is impossible for people to live upon it, or to cultivate it, on account of the sickness, thereby practically destroying the market value of the plaintiff's property. It was further alleged, that the stagnant water produced a great many mosquitoes, which infested plaintiff's premises, from which he suffered great annoyance and damage, and his premises have been rendered uncomfortable, undesirable, and practically uninhabitable; that his premises have been rendered unhealthy and undesirable as a place to live, and great injury has been caused to the market value of his lands; that he lost $700 in rents for the past two years, for which he prays judgment; and he also lost his part of the crops grown on said land by croppers in the year 1911, in consequence of the sickness causing them to be unable to gather the crops, of the value of $350. On account of "the committing of the said grievances by the defendant" it has injured and damaged the plaintiff in the sum of $15,000, for which he asks judgment. The court overruled general and special demurrers filed by the defendant, and it excepted.

1. Under the rulings made in the case of *Central Georgia Power Company* v. *Fincher,* this day decided, we think that in response to the special demurrer the quantity and character of the crops alleged to have been destroyed should have been set out, but that the demurrer was properly overruled as to the number of croppers who were unable to gather the crops.

2. The remaining questions in the case are controlled by the decisions this day rendered in the cases of *Central Georgia Power Co.* v. *Stubbs, Central Georgia Power Co.* v. *Pope,* and *Central Georgia Power Co.* v. *Fincher,* ante, 172, 186, 191 (80 S. E. 636, 642, 645).

*Judgment affirmed in part and reversed in part, with direction. All the Justices concur.*